## Gackenbach Estate

*Morris L. Shafer*, for accountant.

GEARHART, P. J., July 12, 1954.—The only problem presented to the court at the audit was the interpretation of the residuary clause of testator's will. Testator provided as follows:

"And as to all the rest, residue and remainder of my Estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath the same unto my three children, Helen, Miriam, and Ralph, their heirs, executors, administrators and assigns forever, in the following proportions:

"One share to my daughter Helen

"One share to my daughter Miriam

"One-half share to my son Ralph."

The question has been raised as to whether there is a one-half share undisposed of which must therefore be distributed under the Intestate Act. We think not. . . .

In the instant case it is clear that testator intended to dispose of all of his property, for he uses the expression "all the rest, residue and remainder," etc. If we would omit the words "in the following proportions," which we are not warranted in doing, it might appear that there was a one-half share undisposed of.

However, giving effect to the words "in the following proportions," Helen and Miriam each receive twice as much as Ralph, for the reason that one share in proportion to one-half share is as two is to one.

Accordingly, we rule that the estate will be divided on a fractional basis, that is, two fifths to Helen, two-fifths to Miriam, and one fifth to Ralph. This disposes of all of testator's estate and disposes of it in proportion as he indicated.